**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Ludwig*, **Slip Opinion No. 2021-Ohio-3971.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3971

CINCINNATI BAR ASSOCIATION *v*. LUDWIG.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Ludwig*, Slip Opinion No. 2021-Ohio-3971.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct——Two-year suspension with credit for time served under ongoing attorney-registration suspension and restitution ordered.*

(No. 2021-0763—Submitted July 13, 2021—Decided November 10, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-040.

_____

**Per Curiam.**

{¶ 1} Respondent, Nancy Hampton Ludwig, of Cincinnati, Ohio, Attorney Registration No. 0077952, was admitted to the practice of law in Ohio in 2004.  On November 1, 2019, we suspended Ludwig's license based on her failure to register as an attorney for the 2019/2020 biennium, and that suspension remains in effect.

*In re Attorney Registration of Ludwig*, 157 Ohio St.3d 1472, 2019-Ohio-4529, 134 N.E.3d 183.

{¶ 2} In a September 30, 2020 amended complaint, relator, Cincinnati Bar Association, charged Ludwig with multiple ethical violations arising from her representation of three separate clients. Among those charges were allegations that she had neglected client matters, failed to reasonably communicate with her clients, personally accepted retainers after clients signed a fee agreement with the law firm that employed her, failed to hold prepaid fees in a client trust account, and failed to deliver the clients' papers and property upon the termination of the representation.

{¶ 3} The parties entered into stipulations of fact and misconduct. Based on those stipulations and the evidence presented at a hearing before a three-member panel of the Board of Professional Conduct, the panel unanimously dismissed two alleged rule violations and found that Ludwig committed the remaining charged misconduct. The panel recommended that Ludwig be suspended from the practice of law for two years, that she be credited with the time served under her ongoing attorney-registration suspension, and that she be ordered to pay restitution. Based on concerns regarding Ludwig's mental health, the panel also recommended that she be required to file a petition for reinstatement pursuant to Gov.Bar R. V(25) and prove that she is capable of returning to the competent, ethical, and professional practice of law. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. Based on our review of the record, we adopt the board's findings of misconduct and recommendation.

**Stipulated Facts and Misconduct**

*Count I: The Ober Matter*

{¶ 4} In January 2019, Brandon Ober sought representation from Ludwig's employer, Blake Somers, L.L.C., regarding postdivorce child-custody issues. The firm assigned the case to Ludwig. Ludwig met with Ober on February 5 and had him sign a fee agreement. She informed him that he would need to pay his retainer

and instructed him to write a $2,500 check payable to her. She then endorsed and cashed the check without notifying the firm. The firm has no record that Ober was ever a client of the firm.

{¶ 5} A hearing was scheduled to occur in Ober's case eight days after he paid the retainer to Ludwig. Ludwig advised him to attend the hearing alone and tell the court that he was in the process of retaining an attorney. Ober followed her instructions.

{¶ 6} Ludwig left the Somers firm on March 1, 2019, and began to practice law as a sole practitioner. She did not carry professional-liability insurance at that time and failed to provide her clients with written notice of that fact. She also failed to maintain a client trust account and appropriate records, and she consequently failed to hold Ober's retainer in a trust account separate from her own property.

{¶ 7} On Ober's behalf over the next several months, Ludwig filed various motions, prepared discovery, communicated with opposing counsel and the guardian ad litem, and appeared in court. Ober issued $1,000 checks made payable to Ludwig on May 8 and May 23, and Ludwig endorsed and cashed those checks. After Ludwig told Ober that she would not be able to communicate with him if her electric service was cut off, he paid her $2,537.90 electric bill. And in August 2019, Ludwig asked Ober for a favor because she needed to buy school supplies for her daughters—he gave her between $160 and $170 in cash.

{¶ 8} Ludwig appeared at an October 23, 2019 hearing on Ober's behalf and sent him an email stating that she would contact him the next day—but she did not contact him for more than two weeks. In the interim, we suspended Ludwig on November 1 for her failure to timely register for the 2019/2020 biennium. More than two weeks later, Ludwig contacted Ober to discuss his case and make arrangements to meet and prepare for a November 20 court-ordered settlement conference. After that conference was canceled, Ludwig informed Ober that she had been suspended from the practice of law for administrative reasons and told

him that she would withdraw from his case. However, she failed to file a notice of withdrawal or substitution of counsel with the court.

{¶ 9} After Ober filed a grievance against Ludwig, she gave relator's investigator an accounting showing that Ober had paid her a total of $7,200—including the payment of her electric bill and cash for school supplies—and that she had provided legal services totaling $6,883.50. Despite multiple requests from Ober, Ludwig failed to return his file until early March 2020 and still owed him restitution of $316.50 at the time of her disciplinary hearing.

{¶ 10} The board found that Ludwig's conduct in the Ober matter violated Prof.Cond.R. 1.4(a) (requiring a lawyer to keep a client reasonably informed about the status of a matter and to comply as soon as practicable with reasonable requests for information from the client), 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-liability insurance), 1.8(c) (prohibiting a lawyer from soliciting any substantial gift from a client), 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), and 1.16(a)(1) (requiring a lawyer to withdraw from the representation of a client if the representation will result in a violation of the Ohio Rules of Professional Conduct or other law). In addition, the board found that Ludwig violated (1) Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assisting another in doing so) by meeting with Ober while her law license was suspended, (2) Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) by advising Ober to attend a hearing alone and tell the court that he was in the process of retaining an attorney—even though he had already signed a fee agreement and paid a retainer to her, and (3) Prof.Cond.R. 8.4(h) (prohibiting other conduct that adversely reflects on a lawyer's fitness to

practice law, even though that conduct is not expressly prohibited by another rule) by personally accepting Ober's retainer after he signed a fee agreement with the Somers firm.

{¶ 11} We adopt these findings of misconduct.

*Count II: The Campbell Matter*

{¶ 12} In April 2019, Ludwig began working as an associate at the law firm of Barr, Jones & Associates, L.L.P. In mid-August 2019, Ludwig met with Erin Campbell about Campbell's parenting plan and the dissolution of her marriage. During that meeting, Campbell signed a fee agreement with Barr Jones and Ludwig signed it herself on behalf of the firm. Campbell later paid Ludwig a $1,500 cash retainer. Ludwig failed to deposit the retainer into a client trust account and failed to maintain an appropriate written record documenting her receipt of that money. Instead, she placed the cash and fee agreement in a folder that later was either lost or stolen. She also failed to inform Barr Jones that Campbell had hired the firm or paid a retainer. Although Ludwig claimed that she intended to do the work herself after the fee went missing, she did not inform Campbell of that fact or explain that she would not be a client of the law firm.

{¶ 13} Ludwig exchanged text messages with Campbell for about a month until Campbell became unable to reach her at all. On November 13, 2019, Campbell called Barr Jones to inquire about the status of her matter. She was informed that Ludwig had left the firm and that the firm had no record of her payment or documentation of her meeting with Ludwig. A partner of the firm offered to prepare the dissolution documents for Campbell at no charge, but Campbell refused to pay the $350 filing fee, believing that it was covered by her retainer.

{¶ 14} Ludwig failed to return Campbell's file to her because Ludwig had lost it. She was distracted, tired, and deeply depressed when she commenced the representation, following a serious electrical fire at her home. By the time of her

disciplinary hearing, she had refunded Campbell's full $1,500 payment and an additional $350 to cover the filing fee for the dissolution.

{¶ 15} On these facts, the board found that Ludwig violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a), 1.15(a), 1.16(a)(2) (requiring a lawyer to withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client), and 8.4(c) as stipulated by the parties. The board also found that Ludwig violated Prof.Cond.R. 8.4(h) by accepting Campbell's retainer without informing the law firm of the representation. We adopt these findings of misconduct.

*Count III: The Collins Matter*

{¶ 16} In April 2019, Keena Collins hired Ludwig through Barr Jones to represent her in connection with a contempt proceeding in the Clermont County Juvenile Court. Ludwig did not have Collins sign a fee agreement, but shortly after their first meeting, the Barr Jones billing department requested a $1,500 retainer, which Collins paid.

{¶ 17} The parties stipulated that if Collins were called to testify, she would state that she was billed for numerous telephone calls with Ludwig that never occurred. Ludwig also billed Collins for drafting pleadings that were never filed and discovery requests that were never served.

{¶ 18} Ludwig stipulated that Collins's parenting case was very serious and that Collins reasonably feared for her own life and the life of her child. Collins would testify that she was frantically trying to reach Ludwig for much of July and August 2019 but that Ludwig seldom returned her calls. And when Collins asked Ludwig whether she was too busy to handle the case, Ludwig did not initially respond, but later informed Collins that she had 45 other clients to deal with and that Collins was free to get another lawyer.

{¶ 19} On August 28, Ludwig filed a motion for an in camera interview of Collins's child and a motion to modify the parenting agreement. She also informed Collins that she, her child, and her fiancé needed to fly to Cincinnati for a September 11 hearing—which they did at great expense. Collins arrived on September 8 so that she could meet with Ludwig on September 9. Ludwig rescheduled that meeting for September 10 and then arrived 30 minutes late. She spent much of the meeting on her phone dealing with a personal issue.

{¶ 20} On the morning of the hearing, Ludwig sent Collins a text message informing her that she would meet her at the courthouse before the hearing. But she arrived at the courthouse 30 minutes after the hearing was scheduled to begin. After the magistrate spoke with the attorneys, Ludwig informed Collins that opposing counsel was not prepared and that the court wanted the parties to try to settle the case. Ludwig and Collins sat in a courtroom with the opposing party and his counsel for four hours in a supposed effort to settle the case. Ludwig stipulated that if called to testify, Collins would state that (1) it appeared that Ludwig was not prepared for the hearing, (2) Ludwig did not initiate or participate in any settlement discussions that day, and (3) she believed that Ludwig was not prepared to negotiate a settlement on her behalf. At her disciplinary hearing, Ludwig testified that she had performed services worth at least as much as Collins had paid her.

{¶ 21} The board found that Ludwig failed to act with reasonable diligence and promptness, failed to respond to Collins's multiple attempts to contact her, and failed to keep Collins reasonably informed about the status of her case in violation of Prof.Cond.R. 1.3 and 1.4. The board also found that Ludwig violated Prof.Cond.R. 1.16 by failing to withdraw from the representation when her physical or mental conditions materially impaired her ability to represent Collins, by failing to control her workload so that Collins's matter was handled competently, and by failing to protect Collins's interests by delivering all papers and property to which Collins was entitled at the conclusion of the representation. Finally, the board

found that Ludwig violated Prof.Cond.R. 8.4(c) by billing for work that she did not complete. We adopt these findings of misconduct.

**Sanction**

{¶ 22} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 23} As aggravating factors, the parties stipulated and the board found that Ludwig has a prior registration suspension and had engaged in a pattern of misconduct, committed multiple offenses, and caused harm to her clients. *See* Gov.Bar R. V(13)(B)(1), (3), (4), and (8). The board also found that Ludwig had acted with a selfish motive by soliciting and accepting a substantial loan from Ober, *see* Gov.Bar R. V(13)(B)(2), and noted that she has an outstanding monetary sanction of $300 for her failure to comply with the continuing legal education requirements of Gov.Bar R. X for the 2018/2019 biennium.

{¶ 24} In mitigation, the board found that Ludwig had made a timely, good-faith effort to make restitution or rectify the consequences of her misconduct, made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings, and submitted letters from three attorneys and one judge attesting to her positive character and reputation in the legal community. *See* Gov.Bar R. V(13)(C)(3), (4), and (5). The board also acknowledged that Ludwig has been diagnosed with depression but is not currently able to afford treatment. The parties have stipulated and the board has found that Ludwig is not currently fit to practice law as a result of her untreated disorder.

{¶ 25} The board now recommends that Ludwig be suspended from the practice of law for two years, with credit for the time served under her November 1, 2019 attorney-registration suspension, and be ordered to make restitution of $316.50 to Brandon Ober. The board further recommends that she be required to

8

petition the court for reinstatement to the practice of law pursuant to Gov.Bar R. V(25) and that in addition to the requirements for reinstatement set forth in that rule, she be required to establish that she has received treatment for her mental-health disorder and that she is capable of returning to the competent, ethical, and professional practice of law.

{¶ 26} In support of that sanction, the board cited five cases in which we have imposed two-year suspensions with some portion of that suspension stayed on conditions for misconduct that is comparable to Ludwig's. Of those cases, we find *Medina Cty. Bar Assn. v. Malynn*, 131 Ohio St.3d 377, 2012-Ohio-1293, 965 N.E.2d 299, and *Disciplinary Counsel v. Folwell*, 129 Ohio St.3d 297, 2011-Ohio-3181, 951 N.E.2d 775, to be most instructive.

{¶ 27} Malynn neglected three client matters, failed to reasonably communicate with one of those clients, failed to deposit client funds into a separate client trust account, engaged in dishonest conduct by failing to inform a client that the client's case had been dismissed for Malynn's failure to provide discovery, and failed to cooperate in multiple disciplinary investigations. Like Ludwig, Malynn engaged in a pattern of misconduct, committed multiple offenses, and caused harm to multiple clients. He also failed to cooperate in the disciplinary process and attempted to deceive the panel with several half-truths at his disciplinary hearing. Just two mitigating factors were present—the absence of a prior disciplinary record (though Malynn was suspended for a registration violation during the pendency of his disciplinary case) and evidence of his good character and reputation. And, although Malynn claimed that a diagnosed anxiety disorder contributed to his misconduct, he failed to satisfy all the criteria necessary to have it considered as a mitigating factor. We suspended Malynn from the practice of law for two years with the final six months conditionally stayed, and we also imposed conditions on his reinstatement.

{¶ 28} Folwell failed to timely file an application with a probate court to approve a minor's personal-injury settlement, failed to maintain required client-trust-account records, and used some of the minor's settlement proceeds for his own purposes. He also failed to timely file lawsuits on behalf of two other clients, failed to timely file two probate estates, failed to promptly refund clients' unearned fees, and improperly shared a legal fee with a nonlawyer. Like Ludwig, Folwell acted with a dishonest or selfish motive, engaged in a pattern of misconduct, and committed multiple offenses. He cooperated in the disciplinary proceedings, but in contrast to Ludwig, he had no prior disciplinary record. We suspended Folwell's license to practice law for two years, with the second year stayed on the conditions that he commit no further misconduct and serve a one-year period of monitored probation.

{¶ 29} Here, Ludwig's misconduct is arguably more egregious than that of Malynn and Folwell because she admitted that she had met with one of her clients while her license was under suspension and engaged in multiple instances of dishonesty. But in light of Ludwig's efforts to rectify the consequences of her misconduct, her cooperation in this disciplinary proceeding, and her candid acknowledgment that her untreated mental-health issues currently render her unfit to practice law, we believe that the board's recommended sanction with its stringent mental-health requirements for reinstatement to the practice of law will best protect the public from further harm.

## Conclusion

{¶ 30} Accordingly, Nancy Hampton Ludwig is suspended from the practice of law for two years, with credit for the time served under her November 1, 2019 attorney-registration suspension, and ordered to make restitution of $316.50 to Brandon Ober within 30 days of this order. Ludwig shall be required to petition the court for reinstatement to the practice of law pursuant to Gov.Bar R. V(25), and in addition to the requirements for reinstatement set forth in that rule,

she shall be required to submit documentation from a qualified healthcare professional selected or approved by relator (1) certifying that she has received treatment for her depression and any other mental-health conditions that could affect her ability to practice law and (2) opining that she is capable of returning to the competent, ethical, and professional practice of law.  Costs are taxed to Ludwig.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DEWINE, J., not participating.

————————————

Vorys, Sater, Seymour and Pease, L.L.P., and Rosemary D. Welsh; Keating, Muething & Klekamp, P.L.L., and Mary Ellen Malas; and Edwin W. Patterson III, Bar Counsel, for relator.

Montgomery Jonson, L.L.P., George D. Jonson, and Lisa M. Zaring, for respondent.

————————————